```
                                              FILED
                                         IN CLERK'S OFFICE
                                      U.S. DISTRICT COURT E.D.N.Y.

                                       ★   AUG 27 2025   ★
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

---------------------------------------------------------------X

Muhammad Ashfaq,

                Plaintiff,

CASE NUMBER:

v.

**CV 25 4786**

NASSAU COUNTY POLICE DEPARTMENT,
HEMPSTEAD POLICE DEPARTMENT,
Officer ARIGO, Badge No. 498,
Officer MALDONADO, Badge No. 1288,
Officer BERTRAND, Badge No. 1280,
Officer AMIN, Badge No. 1248,

VERIFIED COMPLAINT

**MERLE, J.**

**WICKS, M.J.**

                Defendants.

---------------------------------------------------------------X

## VERIFIED COMPLAINT

(42 U.S.C. § 1983)
JURY TRIAL DEMANDED

## NATURE OF THE CASE

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights under the Constitution of the United States, specifically his rights under the First, Fourth, and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief, arising from a pattern of harassment, excessive force, unlawful seizure, trespass, defamation, and selective enforcement committed by officers of the Nassau County Police Department, the Hempstead Police Department, and the individual named officers.

REC'D IN PRO SE OFFICE
AUG 27 '25 PM 12:57

RECEIVED
AUG 27 2025
EDNY PRO SE OFFICE

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue is proper in this Court under 28 U.S.C. § 1391(b), as the acts complained of occurred in Nassau County, New York, which is within the Eastern District of New York.

## PARTIES

Plaintiff Muhammad Ashfaq is a resident of Nassau County, New York, and the owner and operator of Auto Body Plug, an auto body and towing business located at 442 Peninsula Blvd, Hempstead, New York.

The Nassau County Police Department ("NCPD") is a municipal agency of Nassau County.

Defendant Hempstead Police Department is a municipal agency of the Incorporated Village of Hempstead.

Defendant Officer Arigo, Badge No. 498, was at all relevant times a police officer with the NCPD.

Defendant Officer Maldonado, Badge No. 1288, was at all relevant times a police officer with the Hempstead Police Department.

Defendant Officer Bertrand, Badge No. 1280, was at all relevant times a police officer with the NCPD.

Defendant Officer Amin, Badge No. 1248, was at all relevant times a police officer with the NCPD.

Defendant Officer Jane Doe, name and badge number presently unknown, is a female police officer employed by the NCPD who, on or about July 7, 2023, made defamatory statements to members of the public regarding Plaintiff and his business.

Defendant Officer John Doe, name and badge number presently unknown, is a police officer employed by the NCPD and/or Hempstead Police Department, whose identity will be disclosed during discovery. Plaintiff reserves the right to amend this Complaint to include Officer John Doe's true name and badge number once identified.

## FACTUAL INCEDENTS

### Incident 1 – July 7, 2023 (Officer Arigo)

On or about July 7, 2023, Plaintiff lawfully towed a vehicle to his business. Individuals demanded release of the car without payment and threatened Plaintiff. Officer Arigo arrived, witnessed the incident, and coerced

Plaintiff to release the vehicle without payment instead of protecting Plaintiff's rights. Officer Arigo's conduct constituted unlawful seizure of property, denial of due process, and failure to protect Plaintiff.

### Incident 2 – August 22, 2023 (Officer Maldonado)
On or about August 22, 2023, Officer Maldonado unlawfully attempted to arrest Plaintiff for driving without a license despite Plaintiff not operating a vehicle. Later that day, Officer Maldonado trespassed onto Plaintiff's property, refused to leave when ordered, and harassed Plaintiff without lawful basis.

### Incident 3 – April 24, 2024 (Officer Bertrand)
On or about April 24, 2024, Officer Bertrand selectively issued tickets to Plaintiff's business vehicles while ignoring identical violations by others. Plaintiff's requests to speak with a supervisor were denied. This selective enforcement targeted Plaintiff's business in violation of equal protection.

### Incident 4 – April 2, 2021 (Officer Amin)
On or about April 2, 2021, Officer Amin issued Plaintiff multiple tickets while Plaintiff was moving a customer's vehicle. Plaintiff's requests to speak with a supervisor were denied. Officer Amin's conduct was harassing, selective, and retaliatory.

### Incident 5 – Defamation by Officer Jane Doe
On or about July 7, 2023, at Plaintiff's business, Officer Jane Doe, while acting in her capacity as a police officer and under color of law, told a customer that Plaintiff and his business were "scammers" and that Plaintiff "just wants money." These statements were false, malicious, and made in the presence of others, damaging Plaintiff's reputation, business standing, and customer relationships. The statements stigmatized Plaintiff in a manner that deprived him of his liberty interest in pursuing his business and livelihood without unlawful government interference.

## CAUSES OF ACTION

### Count I – Violation of Civil Rights (42 U.S.C. § 1983)
Defendants, acting under color of law, deprived Plaintiff of rights secured by the Constitution, including his Fourth Amendment right to be free from unreasonable searches and seizures, his Fourteenth Amendment rights to due process and equal protection, and his First Amendment right to operate his business free of unlawful government interference.

### Count II – Defamation / Stigma-Plus Claim (42 U.S.C. § 1983 and New York Law)
By branding Plaintiff a "scammer" and stating he "just wants money," Defendant Officer Jane Doe, acting under color of law, deprived Plaintiff of his liberty interest in his good name and reputation, in violation of the Due Process Clause of the Fourteenth Amendment. These statements also constitute defamation under New York law, causing Plaintiff reputational harm, emotional distress, and economic damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages against all Defendants jointly and severally;
b. Award punitive damages against the individual officers;
c. Issue injunctive relief directing Defendants to cease harassment and provide civil rights training;
d. Award costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;
e. Grant such other and further relief as the Court deems just and proper;
f. Award damages for defamation of character and loss of business reputation caused by Defendant Officer Jane Doe;
g. Permit amendment of the pleadings to substitute the real names of Officer John Doe and Officer Jane Doe once their identities are disclosed through discovery.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: August 25, 2025
Valley Stream, New York

## VERIFICATION

I, Muhammad Ashfaq, being duly sworn, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

Muhammad Ashfaq, Pro Se
60 Carolyn Avenue
Valley Stream, NY 11580
Tel: (718) 219-3141
Email: support@cpkrentals.com

